JAMES J. O'DEA, APPELLANT, *v.* MARY O'DEA, RESPONDENT.

*Action to have a marriage declared void — power of the court to award a counsel fee and alimony to the wife.*

In an action brought by a husband to have his marriage with the defendant declared void, on the ground that she had a former husband living at the time it was celebrated, the court has power to make an order allowing the defendant a counsel fee and alimony *pendente lite.*

APPEAL from an order of the Monroe Special Term allowing the defendant a counsel fee and alimony *pendente lite* in an action

brought by the husband to have the marriage declared void, on the ground that the defendant had a former husband living at the time of such marriage.

*P. B. Hulett* and *E. D. Smith*, for the appellant.

*De L. & W. B. Crittenden*, for the respondent.

SMITH, P. J.:

The counsel for the appellant contends that the Code of Civil Procedure has taken away the power of this court, as the successor of the Court of Chancery, to make such an order as is the subject of this appeal. His argument is that section 1769, which is the only section of the Code recognizing the power of the court to make an order of that kind, applies only to actions brought to obtain a divorce, absolute or limited, for a cause arising after marriage, and in that particular, has worked a change in the statute. But there is no such change in fact. The statutory provision on the subject, previous to the Code, was contained in section 58. (2 R. S., 148.) That section is a part of "article fifth," the provisions of which were applicable only to the two preceding articles, and not to article second, which related to divorces on the ground of the nullity of the marriage contract. The term "divorce," as used in section 58, referred only to a divorce for cause arising after marriage, as is apparent from the heading of "article fifth." This construction was given to section 58 by RAPALLO, J., in *Griffin* v. *Griffin*, (47 N. Y., 134, 136). That case, and numerous others there cited, hold that the power in question exists independently of statute, and as an incident to the jurisdiction of the court in actions for divorce on the ground of nullity. To the same effect is *Brinkley* v. *Brinkley* (50 N. Y., 184).

The motion for the order was noticed before the plaintiff appealed from the judgment of this court reversing the judgment of divorce, and the appeal did not affect the power of the Special Term to make the order.

The order should be affirmed, with ten dollars costs and disbursements.

HARDIN and BARKER, JJ., concurred.

Affirmed.